## KEILMAN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1922.)

No. 3852.

**Indictment and information ☞41(2)—Affidavit to information need not be based on personal knowledge.**

An information charging commission of a misdemeanor filed by a district attorney of the United States is not required to be supported by an affidavit based on personal knowledge and showing probable cause, unless such information is made the basis of an application for a warrant of arrest.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against Louis Keilman. Judgment of conviction, and defendant brings error. Affirmed.

J. L. Webb, of Houston, Tex., for plaintiff in error.

John D. Hartman, U. S. Atty., of San Antonio, Tex. (W. C. Williams, Asst. U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error (herein called the defendant) was convicted on the second and third counts of an information filed by the district attorney under leave of the court; the second count charging that the defendant and Sid Wells, at a stated time and place, had in their possession described property, then and there intending to use said property in the manufacture of intoxicating liquor in violation of the National Prohibition Act; and the third count charging that, at the same time and place, the same persons did unlawfully, knowingly, and willfully have in their possession described intoxicating liquor.

Complaint is made of the action of the court in overruling a motion of the defendant to quash the counts on which he was convicted. The record does not show any action of the court with reference to any warrant for the arrest of the defendant. It is contended that the information was subject to be quashed because it was filed without being supported by oath or affirmation of the existence of probable cause. The ground of the contention did not exist in fact. The information referred to a transcript of proceedings and evidence had before a named United States commissioner as a basis for the charges made. Included in what was so shown to have been before the commissioner was an affidavit of one Stevens stating that, at the time and place alleged in the information, defendant and Sid Wells—

"acting together in violation of sections 3, 6 and 18, title 2, of National Prohibition Act [41 Stat. 305] did unlawfully manufacture, possess and sell certain intoxicating liquor, and did unlawfully possess certain utensils, contrivances, and machines designed and intended for use in the unlawful manufacture of intoxicating liquor, contrary," etc.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Furthermore, an information, charging the commission of a misdemeanor, filed by a district attorney of the United States, is not required to be supported by an affidavit based on personal knowledge and showing probable cause, unless such information is made the basis of an application for a warrant of arrest. A defendant may be charged and tried for a misdemeanor on such an information not so supported. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; 22 Cyc. 260. The court did not err in overruling the motion to quash.

Complaint is made of action of the court which is not presented for review. There was no reversible error in any ruling which is presented for review.

The judgment is affirmed.