**MYERS et al. v. UNITED STATES.**

(Circuit Court of Appeals, Eighth Circuit. March 22, 1927.)

No. 7447.

1. **Criminal law ⬥394—Evidence of unlawful possession of liquor, secured by state officers under invalid search warrant, held admissible in federal prosecution (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Evidence of possession of intoxicating liquor in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), secured by state officers by search under an invalid search warrant, was admissible in prosecution in federal court, where no federal officer participated in or was connected with search.

2. **Intoxicating liquors ⬥139—Statute permitting possession of liquor in dwelling does not protect possession unlawfully acquired (National Prohibition Act, tit. 2, § 33 [Comp. St. § 10138½t]).**

National Prohibition Act, tit. 2, § 33 (Comp. St. § 10138½t), authorizing possession of intoxicating liquors in private dwelling for personal consumption of owner, his family, and bona fide guests, without necessity of reporting it, affords no protection for possession of liquor unlawfully acquired, whether in private dwelling or elsewhere, and whether intended for personal use or otherwise, and burden is on possessor to prove that liquor was lawfully acquired.

18 F.(2d)—34

3. **Criminal law ⬥829(12)—Error in declaring prima facie proof of unlawful possession of liquor alone required conviction held not prejudicial, in view of further instruction of guilt beyond reasonable doubt.**

Instruction that mere possession of intoxicating liquor is prima facie evidence that it is held for purpose of unlawful sale or disposition, and that prima facie evidence means that possession by itself justifies and requires conviction, in absence of other evidence in the case, though, standing alone, it would be erroneous, because conviction is not "required" in such case, error was harmless, in view of further instruction that presumption arising from possession is rebuttable, and that jury must be convinced beyond a reasonable doubt that defendants intended to sell, or otherwise unlawfully dispose of it, before they could be found guilty.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Dave Myers and another were convicted of possessing intoxicating liquor in violation of the National Prohibition Act, and they bring error. Affirmed.

Norman H. Wright, of Oklahoma City, Okl. (S. S. Gill, of Oklahoma City, Okl., on the brief), for plaintiffs in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Leslie E. Salter, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

VAN VALKENBURGH, Circuit Judge. The defendants, husband and wife, were convicted of having in their possession on or about the 16th of May, 1925, in Oklahoma county, in the Western district of Oklahoma, intoxicating liquor contrary to the provisions of the National Prohibition Law (Comp. St. § 10138¼ et seq.). This liquor, consisting of a gallon of alcohol, was put up in pint bottles of the kind in which such liquor is usually kept for sale. The information charged the defendant Dave Myers with two prior convictions for the unlawful possession of intoxicating liquor under the same act. At the trial the information was amended by the withdrawal of the second of these prior convictions. The one remaining was admitted. The jury returned a verdict of guilty against both defendants—against Myers for a second offense as charged in the information. The court accordingly sentenced him to be confined for a period of three months in the county jail. Mrs. Myers was fined in the sum of $50.

[1] The five errors assigned are grouped by counsel for plaintiffs in error into three questions or propositions. The first point made is that the evidence adduced against the defendants was secured by state officers by a search under an alleged invalid search warrant, and therefore was admitted in violation of the constitutional rights of the defendants. Conceding, without deciding, that the search warrant was invalid as claimed, nevertheless the admissibility of the evidence found by the state officers acting thereunder is not affected, since no federal officer participated in the search or was in any way connected therewith. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Elam v. United States (C. C. A. 8) 7 F.(2d) 887.

[2] It is next urged that the possession of intoxicating liquor in the home of defendants, without any evidence of sale or unlawful disposition thereof, is not a violation of the National Prohibition Act. Section 33 of that act provides as follows:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used." Comp. St. § 10138½t.

This section affords no protection for the possession of liquor unlawfully acquired, whether in a private dwelling or elsewhere, and whether intended for personal use or otherwise, and the burden is thrown upon the possessor to prove that the liquor was lawfully acquired. Filippelli v. United States (C. C. A. 9) 6 F.(2d) 121. In this case it was admitted that the alcohol had been purchased and delivered that same evening, and was therefore unlawfully acquired.

[3] The third and final assignment of error upon which reliance is placed is that the trial court erred in its charge to the jury upon the effect to be given to prima facie evidence. That portion of the charge to which exception is taken is as follows:

"Now the mere possession of intoxicating liquors is of itself prima facie evidence that it is being held for the purpose of being sold or disposed of contrary to the law. By prima facie evidence is meant that the possession by itself is a fact upon which conviction will be justified and required, if that is all the evidence in the case."

Standing alone, this language would be vulnerable to the attack made, because conviction is not "required" upon prima facie evidence, even though uncontradicted. The charge as a whole, however, did not convey to the jury the impression that they were required or obliged to find these defendants guilty upon this prima facie evidence of possession. Immediately following the language quoted above the court proceeded as follows:

"So I say, when we have that established in a case that the defendant has the possession of intoxicating liquor such as whisky, and there is no other evidence in the case, that is prima facie proof, and sufficient proof for conviction of the defendant, that there was an intention to use it in the way of sale and disposing of it, and that makes out a case of guilt. But, if there is further evidence in the case, evidence introduced tending to show that the possessor of the liquor had it simply for personal use, such as household use in a private dwelling, where there is evidence of that kind, that, of course, tends to rebut this presumption I have spoken of that it was being held for sale, and in a case of that kind, while the law puts the burden on the defendant, yet in my judgment the proper interpretation of this law is that the burden is met if the defendant offers enough evidence, so that upon the whole of the evidence the jury entertains a reasonable doubt whether the defendant had this liquor for sale. I therefore instruct you in this case that, if the defendants had the possession of this alleged whisky in their private home or dwelling, and nevertheless you entertain a reasonable doubt whether they intended to sell it or dispose of it to some other person or persons, then they are not guilty in this case."

It will thus be seen that the jurors were admonished that the presumption arising

from the possession of liquor is rebuttable, and that they must be convinced beyond a reasonable doubt that the defendants intended to sell it, or otherwise to dispose of it contrary to law, before they could return a verdict of guilty. It is clear that no possible prejudice could have resulted from the inadvertent use of the word "required" in the earlier part of the charge. The evidence was sufficient to support the verdict against both defendants, and in the absence of reversible error the judgment should be affirmed.

It is so ordered.