## MEEHAN et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
February 21, 1928.

No. 7232.

1. **Indictment and information** &⟶52(3)—**Information held sufficient as made on official oath of district attorney.**

An information, signed by the district attorney and filed by leave of court, may be accepted as made on his official oath, though it refers to complaint and proceedings before a commissioner as basis of charge made.

2. **Indictment and information** &⟶196(1)—**Insufficiency of information as legal presentment is waived by pleading thereto and going to trial thereon.**

Objection that an information is insufficient as a legal presentment is waived by pleading to it and going to trial thereon.

3. **Intoxicating liquors** &⟶236(13)—**Information for sale of liquor in violation of National Prohibition Act must be supported by some evidence of alcoholic content (27 USCA).**

Counts charging sales of liquor in violation of National Prohibition Act (27 USCA) are sustained by proof that a sale was of "cut alcohol," reduced by addition of one-third to one-half water, but not unless there is some evidence to show the percentage of alcohol in the article sold.

4. **Criminal law** &⟶196—**Prosecution for maintaining nuisance held not to bar prosecution for subsequent sales of liquor on the premises, on ground of former jeopardy.**

Prosecution for maintaining liquor nuisance *held* not to support a plea of former jeopardy in a prosecution for subsequent sales of liquor at the same place.

In Error to the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Criminal prosecution by the United States against James Meehan and another. Judgment of conviction, and defendants bring error. Reversed as to one count of information, and new trial awarded thereon, and affirmed as to others.

Victor E. Essling (A. Feldman, on the brief), for plaintiffs in error.

Lafayette French, Jr., U. S. Atty., and William Anderson, Asst. U. S. Atty.

Before KENYON and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiffs in error, hereafter called defendants, were convicted of offenses against the National Prohibition Act (27 USCA). The information contained four counts, each count charging a separate unlawful sale of intoxicating liquor. As the result of a trial to a jury, the defendant Meehan was convicted under each count. The defendant Berg was convicted under the first three counts. The defendants moved in arrest of judgment, because no offense was stated in the information.

[1] The contention is made that there is no explicit and direct charge that the defendants committed any unlawful acts, because of a recital which appears in the first count of the information. The count begins as follows:

"Lafayette French, Jr., United States attorney for the district of Minnesota, who for the said United States in this behalf prosecutes, in his own proper person comes into the District Court of the United States in and for the district of Minnesota, on this 22d day of July, A. D. 1925, and, with leave of court first had and obtained, files this information, and gives the court to understand and be informed as follows, as appears from a complaint made under oath and transcript of proceedings held before Otto A. Poirier, a commissioner for the District Court aforesaid, and on file in this court, and who after examination of the charge found that there was probable cause to hold the defendant, to bail: That heretofore, to wit, on the 29th day of December, A. D. 1924, in and upon those certain premises, to wit, soft drink bar on second floor of building numbered 504½ Grant avenue, in city of Eveleth, in the county of St. Louis, in the state and district of Minnesota, and within the jurisdiction of this court, James Meehan and Dan Berg then and there being, did then and there willfully and knowingly sell to Paul Nelson intoxicating liquor. * * *"

The claim is made by the defendants that this portion of the count is substantially the same as the counts held to be defective in Vollmer v. United States (C. C. A.) 2 F.(2d) 551, 552. In those counts the United States attorney merely charged that it appeared from the evidence that an offense had been committed. We regard the present case as settled in principle by the case of Albrecht v. United States, 273 U. S. 1, 6, 7, 8, 47 S. Ct. 250, 71 L. Ed. 505. In that case the objection was made that the information had not been presented upon the oath of the United States attorney, because he gave "the court to understand and be informed, on the affidavit of I. A. Miller and D. P. Coggins," but the court held the information to be upon oath of office of the United States attorney, and that the references to the affidavits were not for the purpose of showing probable cause for the prosecution, but as a basis for a warrant of arrest.

[2] The defendants also claim that the second, third, and fourth counts of the information were defective, because there was no allegation in them that the United States attorney "gives the court to understand and be informed," nor was there any other statement in them that the district attorney presented or charged the offenses which were set forth. The caption of the information shows that it was filed by leave of court, and was filed by the United States attorney for the district of Minnesota, prosecuting for the United States. It is also signed by the United States attorney. Each of these counts begins as follows: "That heretofore, to wit," and states in substance that, at a time and place mentioned, the defendants willfully and knowingly sold intoxicating liquor to a person named, without a permit, the sale being then and there prohibited and unlawful and in violation of the National Prohibition Act.

In substance, the objection that is now made is to the existence, the genuineness, of these counts of the information as presentments by the prosecuting officer. Lebowitch v. Commonwealth, 235 Mass. 357, 363, 126 N. E. 831. The objection is too late to be considered, because no such objection was made in the trial court. The objections to these counts made in the trial court relate only to the sufficiency of the facts stated to charge a crime. In Frisbie v. United States, 157 U. S. 160, 165, 15 S. Ct. 586, 588 (39 L. Ed. 657), the court said:

"If no indictment had in fact been found by the grand jury—in other words, if there was no legal accusation against him—the defendant should have objected on this ground when the court called upon him to plead to this which it assumed to have been properly presented to it. 'The very fact of pleading to it admits its genuineness as a record.' State v. Clarkson, 3 Ala. 378, 383. Instead of denying the existence of any legal accusation, the defendant demurred to it on the ground of insufficiency, thus abandoning all question of form and challenging only the substance. When the demurrer was overruled, he entered a plea of not guilty, and, that being determined against him by the verdict of the jury, he interposed a motion for a new trial and one in arrest of judgment, without ever suggesting to the court that there was before it no indictment returned by the grand jury of the district. The objection, now for the first time made, comes too late. Whatever action the Circuit Court might have been compelled to take, if the matter had been called to its attention in the first instance, the defect is not one which goes to the substance of the accusation, and will not now avail."

[3] The defendants requested an instruction, at the close of the evidence, directing a verdict of acquittal. The denial of this motion is assigned as error, and in support of the assignment it is claimed that there was no proof by an analysis that the liquor sold contained more than one-half of 1 per cent. of alcohol by volume, nor was there proof that it was "distilled spirits," as charged. There was evidence on behalf of the prosecution that the liquor sold as charged in the first count was "cut alcohol, alcohol reduced by water, one-third portion of water, probably a little more"; that the liquor sold as charged in the second and third counts was "cut alcohol, alcohol reduced by water about fifty-fifty."

This proof was sufficient as to the alcoholic contents of the liquor sold. The proof as to the liquor sold as charged in the fourth count was that it was "white cut alcohol." The purchaser drank the liquor, but there was no testimony as to its taste or its effect, nor any testimony from which any inference could be drawn as to its percentage of alcohol. While judicial notice is taken of the alcoholic contents by volume of well-known articles of manufacture and commerce, such as whisky and wine (Hensberg v. United States [C. C. A.] 288 F. 370, 371; Keen v. United States [C. C. A.] 11 F.[2d] 260, 262; Singer v. United States [C. C. A.] 278 F. 415, 418; Strada v. United States [C. C. A.] 281 F. 143, 145; Robinson v. United States [C. C. A.] 290 F. 755, 759; Stoecko v. United States [C. C. A.] 1 F.[2d] 612, 613), the substance sold in this instance was a dilution of alcohol. There is no proof that it contained one-half of 1 per cent. or more of alcohol by volume, and hence no proof was made of the commission of an offense by its sale (Keen v. United States [C. C. A.] 11 F. 260, 262; Berry v. United States [C. C. A.] 275 F. 680, 681). A verdict of acquittal of the defendant Meehan should have been directed as to count 4. The variances between the charges of sale of "intoxicating liquor, to wit, distilled spirits," and the proof of sales of alcohol, do not require a reversal. Bronstein v. United States (C. C. A.) 17 F. (2d) 12, 14.

[4] Error is assigned because the court sustained a demurrer to a plea of former jeopardy made by the defendants. By the plea it was alleged that a prior information had been filed against the defendants by the Unit-

ed States attorney, charging that they had unlawfully maintained a common nuisance on January 21, 1925, in that they unlawfully kept and sold intoxicating liquor in a soft drink bar at 508½ Grant avenue in Eveleth, Minn. The defendants had pleaded not guilty as charged in that information, and had been placed upon trial before a jury. Evidence of witnesses on the part of the United States had been offered, from which it appeared that the sales of liquor made by defendants to them had occurred at a place known as 504½ Grant avenue in Eveleth. Because of the discrepancy between the proofs and the information as to the description of the place of the transactions, the United States attorney had asked for a dismissal of the case, and the order of dismissal was entered, without the consent of the defendants, and without a verdict by the jury.

The dates of the four sales alleged in the second information were December 29, 1924, January 17, 1925, January 17, 1925, and January 20, 1925. The place of the sales was alleged at a "soft drink bar on second floor of building numbered 504½ Grant avenue," in Eveleth, Minn. It is not necessary to decide whether the allegation of the place of the offense alleged in the prior information was so material that for that reason it must be regarded as charging a different offense from the later information (see Hattner v. United States [C. C. A.] 293 F. 381, 382; Heitman v. United States [C. C. A.] 5 F. [2d] 887, 888; 16 Corp. Jur. 243), because, if it be assumed that the place described in both the informations is the same, the offenses described are not so identical as to support a plea of former jeopardy. As was stated in Manning v. United States (C. C. A.) 275 F. 29, 31:

"* * * 'The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be.' Bishop's Criminal Law (8th Ed.) § 1052, subd. 2; Morgan v. Devine, 237 U. S. 632, 641, 35 S. Ct. 712, 59 L. Ed. 1153; Carter v. McClaughry, 183 U. S. 365, 394, 22 S. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 345, 381, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. [392]."

The essential facts alleged in the second information are the unlawful sales by the defendants at the times and places mentioned to the persons named, of intoxicating liquors without a permit so to do from the Commissioner of Internal Revenue. If all of these facts alleged in the second information had been proved upon the prior trial under the first information, there could have been no conviction, because there would have been no proof that the defendants maintained a building or place for the unlawful sale, and this fact was an essential one, to be alleged and proved before there could have been a conviction for the charge of maintenance of a nuisance under section 21 of the National Prohibition Act (27 USCA § 33). The plea of former jeopardy because of an acquittal of the charge of maintaining a nuisance was properly overruled. Bossio v. United States (C. C. A.) 16 F. (2d) 57, 59; Bilboa v. United States (C. C. A.) 287 F. 125, 127; Lee Choy v. United States (C. C. A.) 293 F. 582, 584.

Complaint is made because the court overruled a motion made by the defendants, after the jury had returned its verdict, to revoke the leave which had been given to the United States attorney to file the information. The motion alleged that one of the affidavits made before the United States commissioner, upon which a search warrant had been issued six months before for a search of the defendants' premises, had been signed by a fictitious name. The evidence showed that the affiant signed his real name. There is no merit in the contention.

No other questions require consideration. The judgment will be affirmed as to the conviction of each of the defendants upon counts 1, 2, and 3 of the information, and will be reversed as to the conviction of the defendant Meehan upon the fourth count, and a new trial will be awarded as to that count.