### DINGER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. October 20, 1928.

No. 8070.

G. W. Twiford, of Minot, N. D., for plaintiff in error.

Seth W. Richardson, U. S. Atty., of Fargo, N. D. (P. B. Garberg, Asst. U. S. Atty., of Fargo, N. D., on the brief), for the United States.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error, with another, was made defendant in an information filed October 17, 1927, in the District Court for the District of North Dakota. The information contained two counts—the first for the sale, and the second for possession, of intoxicating liquor in violation of the National Prohibition Act (27 USCA). Conviction resulted on the first count, and acquittal on the second. The assignments of error presented four points for review:

(1) The overruling of motion to quash, and demurrer to the information.

(2) The sufficiency of the evidence to support conviction.

(3) The failure of the court to charge upon the presumption of innocence.

(4) Affirmative error in the charge as given.

1. The first count of the information upon which conviction resulted reads as follows:

"Seth W. Richardson, Attorney of the United States for the District of North Dakota, who in this behalf prosecutes in the name of the United States, and for the United States, comes here into said court on this 17th day of October, in the year of our Lord 1927, in his own proper person, and for the United States gives the said Court here to understand and be informed that as appears by the attached sworn affidavit of Alfred Julin, one Walter Dinger and one Robert Roscher late of the division and district aforesaid, heretofore, to-wit, on or about the 8th day or August, in the year of our Lord 1927, at the County of Ward, in the Division and District aforesaid, and within the jurisdiction of this court, and upon the premises described as a two-story frame building, known as the Vendome Hotel, located at No. 8 Third Street Southwest, in the City of Minot, County of Ward, State and District of North Dakota, did as a first offense of that kind on their part, willfully and unlawfully and in violation of the National Prohibition Act, sell to Afred Julin certain intoxicating liquor for intoxicating beverage purposes, to-wit: Two rounds of three drinks each of Scotch whisky, the said Walter Dinger and the said Robert Roscher then and there knowing said whisky to be such intoxicating liquor; this contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

To this was attached the affidavit therein referred to, as follows:

"State of Minnesota, County of Hennepin —ss.

"Alfred Julin, being first duly sworn, deposes and says: That on the 8th day of August, 1927, he went to that certain two-story frame building known as the Vendome Hotel, located at No. 8 Third Street S. W., Minot, County of Ward, State and District of North Dakota, and that after pushing a buzzer the door of said building was opened by one Walter Dinger, who then and there admitted

them, and that at said time and place he solicited said Walter Dinger for intoxicating liquor, and that said Walter Dinger told a man named Robert Roscher to 'fix us out,' and that Robert Roscher sold affiant certain intoxicating liquor, to wit: Two rounds of three drinks each of Scotch whiskey, for which affiant paid fifty cents per drink; that said whiskey was intoxicating liquor, used and usable for intoxicating beverage purposes; that all of the aforesaid transpired in the presence of Agent Nolander.

"Alfred Julin.

"Subscribed and sworn to before me this 7th day of October, 1927.

"[Seal]      H. S. Abbott, U. S. Commissioner."

The objections raised are that the information contains no direct charge of the commission of any offense, but pleads by reference to the attached affidavit, that the information itself is not verified, and that it is not shown that the affidavit was filed or submitted to a committing registrate or to the court.

■ These objections are hypercritical and unsubstantial. The information does charge the offense directly and explicitly. The reference to the affidavit, from which the United States attorney received the information which justified the prosecution and enabled him to formulate the charge, in nowise detracts from the sufficiency of the pleading. That affidavit furnishes the required sworn, personal knowledge of the commission of the offense. It was attached to the information when the latter was presented and filed. It does not appear from the record that a formal filing order was made. However, it was within the power of the court to make this order at any time before trial, and the ruling upon the demurrer and motion to quash is strongly persuasive that the information, with the attached affidavit, was submitted to the court and ordered filed. Counsel for the government make profert of such order, and offer to supply the record to the effect that such order was duly made, if required so to do. We do not deem this necessary, since, obviously, no prejudice resulted to the defendant from this source. Compare Meehan v. United States (C. C. A. 8) 24 F.(2d) 690, and Albrecht v. United States, 273 U. S. 1, et seq., 47 S. Ct. 250, 71 L. Ed. 505.

2. The evidence submitted strongly supported the view that Dinger, if not actually the proprietor of the place in which the liquor was sold, at least aided, abetted, counseled, commanded, induced, or procured the sales made, and therefore was properly charged as a principal.

■ 3. Complaint is made that the court neglected to charge on the presumption of innocence. No request was made for such an instruction and no exception was preserved on this ground. Failure so to charge, where the court's attention is not called to the omission, is not ground for reversal. Silverberg v. United States (C. C. A. 5) 4 F.(2d) 908; Cochran and Sayre v. United States, 157 U. S. 286, 299, 300, 15 S. Ct. 628, 39 L. Ed. 704.

■ 4. The most serious error assigned is to the charge of the court respecting the verdict to be returned in accordance with the jury's views of the credibility of the witnesses. Defendant's third exception to the charge preserved this error for review. The court said:

"The question is whether the evidence which has been introduced here by the government convinces you of the guilt of this defendant of the crime which has been charged against him. Now if you believe the testimony of these agents as to what transpired on that day you would be justified, and in fact required, to find the defendant Dinger guilty. * * *

"Now, it seems to me that the whole question here, that is, the question so far as the charge in the first count is concerned, is founded upon the credibility of the witnesses. You, of course, are the sole and exclusive judges of the facts in this case. * * * The rule is that a jury must give proper weight and credence to uncontradicted evidence of unimpeached witnesses; but you are not required to believe things that to your minds seem unreasonable or improbable."

The net result of these instructions was to advise the jurors that, while they were the sole judges of the facts, and might believe substantially what they pleased, nevertheless, if they did believe the testimony of the witnesses for the government, then they were not only justified, but required, to find the defendant guilty. In Myers et al. v. United States (C. C. A.) 18 F.(2d) 529, a similar question was before this court. The language of the lower court of which complaint was made was the following: "By prima facie evidence is meant that the possession by itself is a fact upon which conviction will be justified and required, if that is all the evidence in the case."

We said (18 F. page 530): "Standing alone, this language would be vulnerable to the attack made, because conviction is not 'required' upon prima facie evidence, even though uncontradicted."

In that case, however, the erroneous language was deemed cured because the court in a subsequent part of the charge admonished the jurors that this prima facie evidence was rebuttable, and that there was further evidence tending to rebut it. It then gave a further instruction, placing the matter of conviction or acquittal entirely within the province of the jury. In the case before us no testimony was given to contradict or rebut the testimony of the government. The jurors were strongly charged that they should give proper weight and credence to such uncontradicted evidence, unless it was, in their judgment, entirely unreasonable or improbable, and that if they did believe this evidence they were required to find the defendant guilty. This was tantamount to a direction to convict, which is not permissible in a criminal case.

For this reason, we are of opinion that the judgment below should be reversed, and the case remanded for a new trial.