## STINE v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
April 26, 1929.

No. 8065.

Dudley L. Nash, of Minot, N. D., for plaintiff in error.

Seth W. Richardson, U. S. Atty., and P. B. Garberg, Asst. U. S. Atty., both of Fargo, N. D.

*Rehearing denied June 26, 1929.

Before STONE and LEWIS, Circuit Judges, and MARTINEAU, District Judge.

STONE, Circuit Judge. This is a writ of error from a conviction for selling intoxicants in violation of the National Prohibition Act (27 USCA).

Three matters are argued here, to wit: (1) That the information does not charge an offense; (2) that there was failure of proof of the offense charged; (3) that there were errors in the charge to the jury.

■■ I. The information was in two counts, charging sale and possession respectively. At the pronouncement of sentence and before entry of judgment, the court, of its own motion, dismissed the second count (for possession) and sentenced on the first count (for sale) to a jail sentence.

The first count is as follows:

"Seth W. Richardson, attorney of the United States for the district of North Dakota, who in this behalf prosecutes in the name of the United States, and for the United States, comes here into said court on this 17th day of October, in the year of our Lord one thousand nine hundred twenty-seven, in his own proper person, and for the United States, gives the said court here to understand and be informed that, as appears by the attached sworn affidavit of E. L. Hirsch, one Sam Sylvester Stine, late of the division and district aforesaid, heretofore, to wit, on or about the 19th day of January, in the year of our Lord one thousand nine hundred twenty-seven, at the county of Ward, in the division and district aforesaid, and within the jurisdiction of this court, and upon the premises described as room 5 of the second floor of that certain building known as the Kelley Block, situated on lot 11, block 20, of the original townsite of the city of Minot, county of Ward, state and district of North Dakota, did, as a first offense of that kind on his part, willfully and unlawfully and in violation of the National Prohibition Act sell to E. L. Hirsch certain intoxicating liquor for intoxicating beverage purposes, to wit, one-half pint of alcohol, the said Sam Sylvester then and there knowing said alcohol to be such intoxicating liquor; this contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The body of the attached affidavit is as follows:

"E. L. Hirsch, being first duly sworn, deposes and says:

"That on or about the 19th day of January, 1927, he did in room 5, on the second floor of the Kelley Block, situated on lot 11, block 20, of the original townsite of the city of Minot, county of Ward, North Dakota, purchase from one Sylvester Stine one pint of alcohol, which said alcohol was intoxicating liquor purchased for beverage purposes, for which he paid the sum of $4; said purchase was made in the presence of N. N. Herman.

"E. L. Hirsch."

It is argued that the information is fatally defective, in that the United States attorney does not allege therein that the defendant committed the crime, but alleges only that such commission appeared from the attached affidavit. The question here is not as to the issuance of a warrant for arrest, but as to the sufficiency of the allegation of a crime. This information is in good form. Of necessity, the prosecutor must allege the crime upon information coming to him. An information cannot be filed as matter of course, but rests upon the leave of the court, which acts, in that respect, upon the showing of probable cause, to believe the offense informed has been committed. Albrecht v. United States, 273 U. S. 1, 5, 47 S. Ct. 250, 71 L. Ed. 505. This form of information by the prosecuting officer that he gives the court "to understand and be informed on the affidavit" of another, is sufficient. Albrecht v. United States, 273 U. S. 1, 6, 7, 47 S. Ct. 250, 252 (71 L. Ed. 505); Meehan v. United States, 24 F.(2d) 690, this court; Keilman v. United States (C. C. A.) 284 F. 845, Fifth Circuit.

■ II. The contention as to failure of proof is as follows. The information alleges that the sale was in "room 5 on the second floor of the Kelley Block, situated on lot 11, block 20, of the original townsite of the city of Minot, county of Ward, state and district of North Dakota." The proof was that the sale was at "apartment 5 in what is known as the Kelley Block, on the second floor, on Main street." The contention is that the proof failed because the lot and block, as alleged, were not proven. Counsel for accused argues as follows:

"It was not necessary for the district attorney to allege the particular lot and block. The information would have been sufficient if it had simply charged that the sale took place within Ward county and within the jurisdiction of the court, but the district attorney descended to particulars and did allege a particular place. At the trial of this action there was no attempt on the part of the government to prove that the sale did in fact take place upon the premises described in the information, and there is no proof in the

744

record that the sale did take place on lot 11 of block 20, nor did the court in its instructions require the jury to find that the sale took place on the premises described."

As conceded by counsel, the allegation as to lot and block where the Kelley Block was located was unnecessary. It was merely a further description of the place, which had already been designated with particularity, and it added nothing thereto. It was surplusage, so far as statement of the offense. It could not have misled accused, and it added nothing to the identity of the offense, for purposes of protection against future prosecution for the same offense. There was no possible prejudice, and the proof of such surplusage was unnecessary. Bennett v. United States, 227 U. S. 333, 33 S. Ct. 288, 57 L. Ed. 531; Mathews v. United States, 15 F. (2d) 139, 142, 143, this court; Smith v. United States, 17 F.(2d) 723, 724, this court; Hovermale v. United States (C. C. A.) 5 F. (2d) 586, 588, Fourth Circuit; Anderson v. United States (C. C. A.) 294 F. 593, Second Circuit; Maresca v. United States (C. C. A.) 277 F. 727, 742, Second Circuit; Friedman v. United States (C. C. A.) 276 F. 792, 795, Second Circuit; Farley v. United States (C. C. A.) 269 F. 721, 724, Ninth Circuit; Nichamin v. United States (C. C. A.) 263 F. 880, 881, Sixth Circuit; Meyer v. United States (C. C. A.) 258 F. 212, 215, Seventh Circuit. Also, by analogy, see section 556, title 18, USCA, regarding indictments.

III. There are two challenges to the charge. The first is that the court failed to charge that the jury must find that the Kelley Block was situated on lot 11, block 20, of the original townsite of Minot. If this allegation was surplusage in the information, it need not be proven and, of course, no charge thereon was necessary.

The second challenge is that the court used the first sentence following:

"The uncontradicted evidence of unimpeached and credible witnesses is entitled to be given proper weight. You, of course, are not required to believe things which your common sense and business judgment tell you are unreasonable or improbable. You are the sole judges of the facts in this case. The facts are to be determined from the evidence which you have heard here in the court room, and from nothing else. In determining the facts you have a right to pass upon the credibility of the witnesses and the weight of the evidence; that is, it is for you to say who should be believed and what is to be believed in this case. In passing upon the credibility of the witnesses, it is proper for you to consider their appearance upon the stand, the manner in which they have given their testimony, the opportunities which they had to know the things about which they have testified, any prejudice or bias which they may have shown; to take into consideration the interest which they may have in the outcome of this case, or any motives which they might have to testify falsely, or any lack of such motives; and also to consider the reasonableness or unreasonableness of the testimony which they have given, in the light of all of the evidence in the case. If you believe that any witness in this case has willfully testified falsely to any material fact you may in your discretion entirely disregard the testimony of that witness except in so far as it may be corroborated or supported by other credible evidence. You will rely, of course, on testimony that you believe, and you will disregard evidence which you do not believe, remembering that Mr. Stine is the only person on trial here, and that he is being tried solely for the sale and possession of intoxicating liquor.

"If, after a full and fair consideration of all the evidence in this case, you have a thorough and lasting conviction of the defendant's guilt, then you will return a verdict of guilty; but if, after such a consideration of the evidence in the case, wou have not a thorough and lasting conviction of his guilt, then you will find him not guilty."

The contention is that there was no uncontradicted testimony, because the plea of not guilty is a contradiction of all testimony of guilt. Obviously, this is not sound. The plea of not guilty is not evidence at all. It is a pleading which puts the prosecution to its proof.

The judgment should be and is affirmed.