August Tom RIZZO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16749.

United States Court of Appeals
Eighth Circuit.

Nov. 6, 1961.

Claude Hanks, Clayton, Mo., made argument for appellant. Charles M. Shaw, Clayton, Mo., was on the brief.

D. Jeff Lance, U. S. Atty., and Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., were on the brief for appellee, and Frederick H. Mayer, St. Louis, Mo., made argument.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by August Tom Rizzo from a judgment of conviction and a sentence aggregating 8 years of imprisonment, based upon the verdict of a jury finding him guilty under four counts of an indictment. Each of the counts charged that Rizzo and Charles A. Betsher had, between April 1 and December 1, 1960, devised a scheme to defraud The Franklin Life Insurance Company and Joseph L. Postar, and, in executing the scheme, had used the long distance telephone from the Eastern District of Missouri to Springfield, Illinois; this in violation of 18 U.S.C. § 1343.

Stated briefly, the scheme alleged in each of the four counts was that Betsher, as a General Agent of The Franklin Life

Insurance Company in Missouri, would communicate by long distance telephone with that company and would represent that Joseph L. Postar, one of its insureds, wished to make a policy loan on one of his policies, and would ask that a check for the amount of the loan be mailed to Betsher for delivery by him to Postar; that upon receipt of the check payable to Postar, Rizzo and Betsher would cause Postar's name to be forged on the check, and would cash and deposit the check and divide the proceeds.

Both defendants, upon arraignment, entered pleas of not guilty. Betsher on March 6, 1960, withdrew his plea, and entered a plea of guilty. At the trial of Rizzo, which commenced two days later, Betsher appeared as a witness for the Government and testified in support of the charges contained in the four counts of the indictment under which Rizzo stood trial.

Rizzo's defense was that he had had no part in devising or executing the scheme to defraud and had merely made loans to Betsher and had cashed checks for him to enable him to repay the loans, upon receiving his assurance that the checks were "all right".

No question is raised as to the sufficiency of the evidence of the Government to sustain the verdict of the jury. It would serve no useful purpose to state in detail the evidence adduced at the trial. The controverted issue was whether Rizzo had had a part in the devising and execution of the scheme to defraud.

The errors assigned relate mainly to portions of the court's instructions. The record shows that at the conclusion of the court's charge to the jury, the defendant made the following objections: (1) to that portion "in which the court instructed the jury that if they find that the law has not been violated, then they should find the defendant not guilty"; (2) to that portion "in which it [the court] tells the jury to consider the de-

fendant's manner and demeanor, and the vital interest of the defendant"; (3) to that portion "where the jury was told to, in effect, examine the actions of the defendant to determine the operations of his mind and his intent"; and (4) to that portion "where the court instructed the jury that if the defendant did not intend to defraud the persons named in the indictment, or anyone else, then they should find the defendant not guilty."

■■ While, in view of Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C., and long-established appellate practice, Rizzo cannot assign as error any portion of the court's instructions to which he made no objection at the trial (see Allis v. United States, 155 U.S. 117, 121–122, 15 S.Ct. 36, 39 L.Ed. 91), and while we are not required to rule upon the accuracy of any portion of the court's instructions in isolation and disassociated from its context,[1] we have examined the instructions as a whole, in the light of the attacks now made upon them by Rizzo.

■ The contention that some portions of the court's instructions may have misled the jury into believing that the burden was upon Rizzo to establish his innocence, is without merit, as is also the assertion that in the instructions of the court as to credibility of witnesses, Rizzo's "vital interest" in the outcome of the case was over-emphasized to his prejudice. (See Foley v. United States, 8 Cir., 290 F.2d 562, 569, certiorari denied, 82 S.Ct. 139). Rizzo's credibility clearly was left for determination by the jury.

The trial judge in his comprehensive instructions made certain that the jury was fully advised as to what offenses were charged against Rizzo and exactly what the jurors were called upon to determine. The judge clearly stated that the burden of proving beyond a reasonable doubt that the offenses charged had been committed by Rizzo was upon the Government. After giving to the jury

---

1. Bowen v. United States, 8 Cir., 153 F. 2d 747, 751, certiorari denied 328 U.S. 835, 66 S.Ct. 980, 90 L.Ed. 1611; Myers v. United States, 8 Cir., 18 F.2d 529, 530; Stoneking v. United States, 8 Cir., 232 F.2d 385, 389.

detailed instructions with respect to all the issues in the case, the judge in summary told the jury:

"In order to convict the defendant under any of the counts in which he is charged, you must find beyond a reasonable doubt on all of the following propositions: One, that a scheme was devised as charged in the indictment and as submitted to you in these instructions; two, that the defendant under consideration either devised the scheme or knowingly and intentionally participated in the execution thereof; three, that the long distance telephone was used in the execution of the scheme as specified in each particular count of the indictment; and four, that the defendant under consideration acted with knowledge of the illegal nature of the scheme as charged in the indictment and as submitted to you in these instructions."

The instructions as a whole were not erroneous, prejudicial, contradictory, misleading or confusing, and were, in our opinion, fair, adequate and accurate.

■■ It is contended on behalf of Rizzo that the court committed reversible error in overruling an objection to a question asked him by Government counsel on cross-examination as to whether he had ever borrowed $2,000 from Ruby Nafie. The question was objected to "as being beyond the scope of the examination in chief." The evidence of the Government had shown that a policy loan check issued by The Franklin Life Insurance Company, payable to Joseph L. Postar and having on it only his forged endorsement, was cashed at the Mercantile Trust Company in St. Louis by Teller 62, who was Ruby Nafie. On the direct examination of Rizzo, he testified that he knew her, that she lived near the restaurant he operated and was there two or three times a week. On cross-examination, Rizzo testified, without objection, that he knew that Ruby Nafie was employed by the Mercantile Trust, and that he never had any business arrangements or dealings with her. He was then asked the question to

which objection was made. The scope of cross-examination as to collateral matters rests largely in the discretion of the trial court. United States v. Manton, 2 Cir., 107 F.2d 834, 845. Having testified, without objection, that he had had no business dealings with Ruby Nafie, we think the court did not err in permitting him to answer the question which it is contended was improper. We are also satisfied that even if the overruling of the objection was erroneous, it was not reversible error. See and compare, Homan v. United States, 8 Cir., 279 F.2d 767, 771.

■ It is asserted that the trial court erred in refusing, over the defendant's objection, to make available to him, for examination and inspection, a statement of Betsher to an agent of the Federal Bureau of Investigation. The Government had objected to furnishing that statement to the defendant, on the ground that it was not pertinent. The court examined the statement, and expressed the opinion that it had absolutely nothing to do with the case on trial, but directed that it be sealed, be marked as an exhibit, and given to the Clerk, so as to be available to this Court in the event of an appeal. The Government in its brief assures us that the only statement of Betsher which was withheld by the court from the defendant related to an entirely different subject matter than that covered by Betsher's testimony relative to the charges upon which Rizzo was tried.

Section 3500(b) of Title 18 U.S.C. (the so-called "Jencks Act"), requires the court, on motion of the defendant, to order the Government to produce "any statement * * * of the witness * * which relates to the subject matter as to which the witness has testified," and to deliver it to the defendant.

Section 3500(c) provides that if the Government claims that a statement ordered to be produced contains matter which does not relate to the subject matter of the testimony of the witness, such statement shall be delivered to the court for inspection in camera, and that if any portion of the statement is withheld from

the defendant over his objection, the entire text of the statement shall be preserved and, in case of an appeal from a conviction of the defendant, shall be made available to the appellate court.

We have procured from the Clerk of the District Court, and have each examined, the statement of Betsher withheld by the trial court. We agree with that court that the statement did not relate to the subject matter of Betsher's testimony at the trial, and that the court did not err in refusing to make it available to the defendant.

The judgment appealed from is affirmed.