**MICHAELS ENTERPRISES, INC., and James A. Michaels, Jr., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17137.**

United States Court of Appeals Eighth Circuit.

Aug. 28, 1963.

Rehearing Denied Sept. 20, 1963.

Murray L. Randall, St. Louis, Mo., for appellants; Morris A. Shenker, St. Louis, Mo., on the brief.

Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., for United States; Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., on the brief.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellants, Michaels Enterprises, Inc., a corporation, and James A. Michaels, Jr., its President, were convicted by jury verdict on both counts of an indictment charging, in Count I thereof, that the corporation was a retail dealer of distilled spirits, wines and beer, and "a person required to keep and file records, returns," etc., as required by Chapter 51, Title 26 U.S.C.A., and James A. Michaels, Jr., being its President "did fail and refuse to preserve and produce such documents so required to be kept" when demand for inspection thereof was made by investigators of the Alcohol and Tobacco Tax Unit, all in violation of Section 5603(b) (5), Title 26 U.S.C.A. Count II charged the corporation as being a person required to keep and file such records, and Michaels, being its President, "for failing to keep such documents and make required entries therein, to-wit, a record in book form of all distilled spirits, wines and beer received, or, in the alternative, to keep all invoices of, and bills for, all distilled spirits, wines and beer received" by Michaels Enterprises, Inc., in violation of Section 5603(b) (1), Title 26 U.S.C.A.

Sub-part E of Chapter 51, supra, imposes an "Occupational Tax" on "Retail Dealers" of distilled spirits, wines and beer. Section 5124(a) [1] thereof, relating to keeping of "records"; Section 5146(a) (b),[2] providing for the "preservation and

[1]. "§ 5124. Records.
"(a) Receipts.—Every retail dealer in liquors and every retail dealer in beer shall provide and keep in his place of business a record in book form of all distilled spirits, wines, and beer received, showing the quantity thereof and from whom and the dates received, or shall keep all invoices of, and bills for, all distilled spirts, wines, and beer received."

[2]. "§ 5146. Preservation and inspection of records, and entry of premises for inspection.
"(a) Preservation and inspection of records.—Any records or other documents required to be kept under this part or regulations issued pursuant thereto shall be preserved by the person required to keep such records or documents, as the Secretary or his delegate may by

inspection" thereof, and 5603(b) (1) (5),[3] imposing the penalty for failure to comply with the mandate of the above sections, are the applicable statutes here to be considered.

By this appeal the following assignments of error are presented:

(1) "It was plain error for the Court to fail to instruct on intent";

(2) "It was plain error for the trial Court to fail to instruct the jury on the elements of the offense, or to tell the jury what it must find in order to convict the defendants";

(3) "Count I of the indictment was insufficient to inform the defendants of the charge against them";

(4) "As the defendants were convicted (on) Count II for failing to keep records * * * their conviction on Count I for failing to produce records for inspection by agents (of the Alcohol and Tobacco Tax Unit, when requested) cannot stand, since they cannot be convicted of failing to produce that which they did not keep or have"; and

(5) "The evidence as to intent was insufficient to sustain the verdicts." (Par. added.)

■■ No exceptions, as required by Rule 30, 18 U.S.C.A., were taken to the charge to the jury as given in this case. Appellants admit they "did not object to the failure of the (District) Court to instruct on intent. Indeed (they say) the case was tried and argued (before that Court) on the theory that intent was not an element of the offenses." That such is and was the proper concept of the nature of crimes for which appellants were indicted and found guilty is made manifest by these considerations. The statutes in question are regulatory measures enacted in the exercise of what is commonly called the police power, where emphasis is placed on a "knowing" violation thereof, rather than "intent" to commit an "omission of duty."

"Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumes his responsibilities." Morissette v. United States, 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288 (1951).

Section 5603(b), supra, providing penalty for failure to comply with the record-keeping provisions of sub-part E of Chapter 51, supra, "otherwise than with intent to defraud the United States" is a regulatory measure, and "intent" to violate the provisions thereof is not an essential element of the offense. United States v. Behrman, 258 U.S. 280, 42 S. Ct. 303, 66 L.Ed. 619 (1921); United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1921). The statute

---

regulations prescribe, and shall be kept available for inspection by any internal revenue officer during business hours.

"(b) Entry of premises for inspection. —The Secretary or his delegate may enter during business hours the premises (including places of storage) of any dealer for the purpose of inspecting or examining any records or other documents required to be kept by such dealer under this chapter or regulations issued permanent thereto and any distilled spirits, wines, or beer kept or stored by such dealer on such premises."

3. "(b) Failure to comply.—Any person required by this chapter (other than subchapters F and G) or regulations issued pursuant thereto to keep or file any record, return, report, summary, transcript, or other document, who, otherwise than with intent to defraud the United States, shall—

"(1) fail to keep any such document or to make required entries therein; or * * *

"(5) fail or refuse to preserve or produce any such document, as required by this chapter or regulations issued pursuant thereto;

or who shall, otherwise than with intent to defraud the United States, cause or procure the same to be done, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both, for each such offense."

creates a crime *mala prohibita* and not *malum in se*. Lack of intent to violate the mandate thereof is no defense. Morissette v. United States, supra; Riss & Company v. United States, 262 F.2d 245 (8 Cir. 1958); Reyes v. United States, 258 F.2d 774 (9 Cir. 1958); United States v. Juzwiak, 258 F.2d 844, 845 (2 Cir. 1958), cert. den. 359 U.S. 939, 79 S.Ct. 652, 3 L.Ed.2d 639. In the absence of "intent" from a statute such as 5603(b), supra, an implication of *scienter* is the most that may be inferred "where there is no reason to suppose the Congress, by deliberate choice, omitted such requirement." Delaney v. United States, 199 F.2d 107, 117 (1 Cir. 1952). The trial Court in the case at bar charged the jury as to the appellants' "knowing" violation of the applicable statutes. That being so, it was not error to "fail to instruct on intent" as appellants here assert.

The evidence relating to appellants' violations of the revenue laws, supra, is not substantially in dispute. Tersely stated and without reference to detail matter appearing in the record, it was established: . . . In August 1961, agents of the Alcohol and Tobacco Tax Unit went to Michaels Bar and Restaurant in St. Louis, Missouri, to make a retail liquor inspection and requested the bartender in charge to produce retail liquor "invoices" or records of all distilled spirits, wines and beer received by the corporate defendant for the previous two years. At that time, five or ten invoices were made available to them for inspection. They requested additional invoices, but were told the individual defendant, James A. Michaels, Jr., President of the defendant corporation, was not present but would return the next day. The agents returned the following day and requested defendant Michaels to produce for inspection the retail liquor records. He told them he would have to "dig them up" and that they should come back the next day. The agents returned the next day. At that time, thirty-seven retail liquor invoices were turned over to them for inspection by Michaels, only twenty of which were for the years 1959, 1960 and 1961. An additional request was made by the agents for any other invoice records. Defendant Michaels told them there were no others because they had been destroyed by a flood occurring in the basement of the premises. By other evidence, the Government established that during the critical period four hundred fifty transactions by wholesale liquor dealers were recorded as sales of distilled spirits, etc., made to the defendant corporation.

The evidence of appellants was to the effect that when distilled spirits, etc. were received at the defendant corporation's place of business, invoices therefor were placed on the back-bar until an accountant came and took them to his office to prepare financial statements of the corporation for income tax purposes. Subsequently, they were returned to the corporate defendant's place of business and stored in cardboard boxes in the basement. In June 1961, the basement was flooded and all such stored bills and invoices for distilled spirits received by the corporation got wet and as a result thereof were removed and destroyed because of their unsanitary condition. For that reason alone, defendants asserted they were unable to produce the required records for inspection. However, the evidence of the Government established that certain invoices for purchases of distilled spirits, wines and beer received by the defendant corporation after the occurrence of the basement flood were not produced for inspection when request therefor was made by the agents. No explanation for that anomalous situation was attempted by any evidence adduced by appellants.

█ It has been so often reiterated that failure to except to "the charge or omission therefrom" as given, "stating distinctly the matter to which (one) objects and the grounds of his objection" (Rule 30 F.R.Cr.P., 18 U.S.C.A.), presents nothing for appellate review, so far as the charge to a jury in a criminal case is to be considered, that fortifying authorities should not be necessary. But

see, Gendron v. United States, 295 F.2d 897 (8 Cir. 1961); Johnson v. United States, 291 F.2d 150 (8 Cir. 1961); Rizzo v. United States, 295 F.2d 638 (8 Cir. 1961); Wegman v. United States, 272 F.2d 31 (8 Cir. 1959); Rosenbloom v. United States, 259 F.2d 500 (8 Cir. 1958) cert. den. 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302; Davis v. United States, 229 F.2d 181 (8 Cir. 1956), cert. den. 351 U.S. 904, 76 S.Ct. 706, 100 L.Ed. 1441; Kreinbring v. United States, 216 F.2d 671 (8 Cir. 1954).

There is nothing vague about the record-keeping provisions of Chapter 51, Title 26 U.S.C.A. as they relate to "retail dealers in liquor" and the "preservation" of records by such dealers "for inspection by internal revenue officers during business hours," nor the penalty provided for failure to comply therewith. The charge as given to the jury in the case at bar was amply adequate to inform the jury as to the elements of an offense thereunder and "knowing" violation thereof. The charge specifically presented to the jury appellants' contention that if "the flooding of (the) basement and the * * * destruction of the records was caused by agencies or events entirely outside the control of (the) defendants" and for that reason their "inability * * * to produce (the) books and records on demand" was a result of that "fortuitous circumstance" etc., it "should acquit these defendants." In the light of the charge considered as a whole, there was no "plain error" therein as here asserted by appellants for the first time. Both counts of the indictment were couched in the mandate language of the applicable statutes, the provisions of which are concise, clear and basically simple. The citation of the specific provisions thereof was sufficient to inform the jury as to what facts it was required to find to establish the guilt of appellants. The defendants' contention that the jury was not sufficiently informed of what it should find to establish guilt of the charge made against them is without merit. It is sufficient for us because the District Court gave no erroneous direction thereby, absent a request for a more specific charge. Stassi v. United States, 50 F.2d 526 (8 Cir. 1931).

Concededly, the appellants failed to "keep" some of the documents and records they were required to maintain as provided in Sections 5124(a) and 5603(1) of Chapter 51, supra. At the trial of this case, certain "invoices" for distilled spirits were introduced into evidence by appellants. The contention was made that such were all the invoices available to them which were not destroyed as a consequence of the flood. Evidence adduced by the Government was to the effect that some such exhibits introduced into evidence by appellants were not produced by them for inspection when requested by agents of the Alcohol and Tobacco Tax Unit at the time the agents appeared at the corporate defendant's premises. Hence, the evidence established that notwithstanding the contention made by appellants that some "invoices" kept by them were damaged by the flood, at the time of the inspection in question, they had other pertinent "invoices" in their possession which were not exhibited for inspection by the agents as required by the statutes, supra. Therefore, the evidence clearly established that appellants knowingly did not produce some invoices they did retain, for inspection when request therefor was made by the agents. One 1941 Buick Sedan, Motor No. 64286106 v. United States, 158 F.2d 445 (10 Cir. 1946).

Appellants did not move for an acquittal at the close of all the evidence. No question of sufficiency of the evidence to support the verdict can now be made before this Court. Rosenbloom v. United States, supra.

The convictions appealed from are affirmed.