**UNITED STATES of America**

**v.**

**Theodore P. WASIK, Pauline Wasik and Mitchell F. Wasik, trading as Wasik's Bar and Grill.**

**Crim. No. 63–420.**

United States District Court
W. D. Pennsylvania.

April 16, 1964.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Bresci R. P. Leonard, Royston, Robb, Leonard, Edgecombe & Miller, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This action is before the Court on defendants' motion to dismiss the indictment, with charges that on or about June 28, 1963, the defendants, who own and operate Wasik's Bar and Grill in Upper St. Clair Township, Allegheny County, Pennsylvania, possessed three liquor bot-

tles in violation of §§ 5301(c) (2) and 5606 of the Excise Tax Technical Changes Act of 1958, 26 U.S.C. § 5301(c) (2) [1], 26 U.S.C. § 5606 [2]; and fourteen liquor bottles in violation of §§ 5301(c) (4) and 5606 of that Act, 26 U.S.C. § 5301(c) (4) [3]. Defendants contend that defendant Pauline Wasik was not then in possession of the bottles, that defendants Theodore and Mitchell Wasik were not then in exclusive possession of them and that defendants had no knowledge that the bottles had been filled with distilled spirits or any other substance in violation of the Act. Because the Government has voluntarily agreed to dismiss the indictment as to defendant Pauline Wasik, we now need consider the motion only with regard to defendants Theodore and Mitchell Wasik.

█ It is the position of defendants that the indictment is defective because it fails to allege that defendants were in exclusive possession of the bottles and that they had knowledge that their possession was in fact illegal. "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7(c), Federal Rules of Criminal Procedure. This indictment was drawn substantially in the words of the Act and includes all the elements of the offenses specifically set forth therein. " * * * [T]wo of the criteria by which the sufficiency of an indictment is to be measure. * * * are, first, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in, case any other proceedings are taken against

him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' * * * " Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962); United States v. Goldberg, 225 F.2d 180 (8 Cir. 1955).

█ The Act does not specifically require the illegally refilled or altered bottles to be in the exclusive possession of the person charged with the offense. Defendants here are not charged with refilling or altering the contents of the bottles, but merely with being in possession of bottles which had been refilled or tampered with. It is within the contemplation of the statute that the acts which make defendants' possession illegal could have been performed by someone else. The offense with which they are charged is possessing the bottles after they were refilled or the contents altered. That charge is clearly set forth in the indictment and defendants' contention that the bottles were at times also in the possession of an employee is of no avail.

█ Nor can we agree with defendants that the indictment is deficient in failing to allege that their possession was accompanied by knowledge that the bottles had been refilled or the contents altered. The Act does not specifically provide, except as to officers, directors or agents of a corporation, that the violation be committed with knowledge. 26 U.S.C. § 5606. A review of the legislative history of the Act serves to confirm that Congress did not intend that the offense should include an element of knowledge. The predecessor penalty pro-

1. "(2) possess any liquor bottle in which any distilled spirits have been placed in violation of the provisions of paragraph (1); * * * "

2. "§ 5606. Penalty relating to containers of distilled spirits
   "Whoever violates any provision of section 5301, or of any regulation issued pursuant thereto, or the terms or conditions of any permit issued pursuant to the authorization contained in such section, and

any officer, director, or agent of any corporation who knowingly participates in such violation, shall, upon conviction, be fined not more than $1,000, or imprisoned not more than 1 year, or both, for each such offense. * * * "

3. "(4) possess any liquor bottle, any portion of the contents of which has been altered or increased in violation of the provisions of paragraph (3);"

vision of this Act (26 U.S.C. § 5641) expressly incorporated intent as an element of the offense by stating "[w]hoever wilfully violates the provisions * * *." When the Act was amended in 1958, the offense was reduced from a felony to a misdemeanor. Commenting on this change, Senate Report No. 2090 stated:

> "Consistent with the reduction of the penalty from a felony to a misdemeanor the provision of existing law that the offense be wilful is omitted." 3 U.S.Code Congressional and Administrative News, p. 4581 (1958).

Thus, by omitting from this section the word "wilfully" and failing to incorporate the word "knowingly", Congress made it clear that it meant to require no mental element or process on the part of a violator to be proved before a conviction could be obtained for this offense.

The Supreme Court, discussing a similar problem in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), distinguished between offenses that had been carried over from the common law, which incorporated a mental element without special statutory provision, and offenses that are created by the legislature, which do not include a mental element unless specifically provided for in the statute. While the Morissette case does not directly rule upon the question involved here, it leads to the conclusion that no element of knowledge need be proved to obtain a conviction under this Act. Furthermore, the absence of any mental element is consistent with Congress' purpose in strengthening the Act in 1958 for the protection of the revenue. See 3 United States Code, Congressional and Administrative News, p. 4562 (1958). Because the indictment was drawn substantially in the words of the Act so that it includes all the elements of the offenses charged and sufficiently apprises defendants of what they must be prepared to meet, defendants' motion must be denied.

An appropriate order will be entered.