**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas DAHIR, Defendant.**

**No. 3-67 CR. 41.**

United States District Court
D. Minnesota,
Third Division.

Oct. 31, 1967.

Patrick J. Foley, U. S. Atty., by Roland J. Faricy, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Silver & Ryan, by Richard B. Ryan, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

This matter comes before the court on the motion of defendant to dismiss Counts III and IV of an indictment returned by the grand jury on the ground that " * * * neither of said Counts of the Indictment state facts sufficient to constitute an offense against the United States of America."

Count III of the indictment charges as follows:

That on or about the 28th day of March, 1967, in the County of Washington, State and District of Minnesota, THOMAS DAHIR wilfully and knowingly did possess a still for the purposes of producing distilled spirits,

that is, whiskey flavored with anise, on premises where whiskey flavored with anise was then being made and produced, that is, at Route 3, Stillwater, Washington County, Minnesota; in violation of 26 U.S.C. 5601(a) (6). Count IV of the indictment is identical to Count III with the exception of the date, which in the latter Count is the 30th day of March, 1967.

26 U.S.C. § 5601 reads, in pertinent part, as follows:

(a) Offenses.—Any person who—

\* \* \* \* \* \*

(6) Distilling on prohibited premises.—uses, or possesses with intent to use, any still, boiler, or other utensil for the purpose of producing distilled spirits, or aids or assists therein, or causes or procures the same to be done, in any dwelling house, or in any shed, yard, or inclosure connected with such dwelling house \* \* \* or on board any vessel or boat, or on any premises where beer or wine is made or produced, or where liquors of any description are retailed, or on premises where any other business is carried on \* \*

\* \* \* \* \* \*

shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, for each such offense.

Defendant's contention is basically that Counts III and IV fail to allege the possession of a still on any of the premises specifically prohibited by the language of the statute; that is, the two counts fail to allege that the still was possessed either:

(1) in a dwelling house or in any shed, yard or inclosure connected with such dwelling house, or

(2) on board any vessel or boat, or

(3) on any premises where beer or wine is made or produced, or

(4) where liquors of any description are retailed, or

(5) on premises where any other business is carried on.

■ It is apparent that the specific subsection of the statute alleged in the indictment to have been violated is designed to prohibit the possession of a still on certain premises specified in that subsection and that to be an offense, one of five premises or locales above must have been employed and the activity carried on thereupon. The subsection is in fact entitled "Distilling on prohibited premises." The indictment must allege one of these five situations to charge an offense.

The question for the court is whether the indictment as worded [1] contains all of the elements of the particular offense charged and sufficiently apprises the defendant of what he must be prepared to meet, Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1961), citing therein Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). In the *Russell* case, supra, at 763–764, 82 S.Ct. at 1047, the following rules were summarized:

In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence [sic] whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' \* \* \*"

The government contends that the following language appearing in both Counts III and IV of the indictment sufficiently enunciates the essential elements

---

1. Fed.R.Crim.P. 7(c), provides: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

of the crime and apprises the defendant of the crime of which he is charged:

> * * * in the County of Washington, State and District of Minnesota * * on premises where whiskey flavored with anise was then being made and produced, that is, at Route 3, Stillwater, Washington County, Minnesota.

It is the position of the government that the language of the indictment comes within the statutory language " * * * on premises where any other business is carried on * * * ", in that the indictment charges that the acts occurred " * * * on premises where whiskey flavored with anise was then being made and produced * * * " For all that appears, however, the defendant himself might well be the one who is then and there making and producing the whiskey; such could thus be merely another way of attempting to identify the premises as those where the defendant has heretofore made whiskey and is continuing to do so. But the obvious wording and intention of the statutory language prohibiting a still on the premises was to make it a crime to carry on the distilling business or to maintain a still on premises where *other* business was being operated. This allegation in the indictment does not allege any *other* person was making whiskey on the premises and clearly the indictment does not allege any "other business" within the meaning of the statute.

The government further contends that Counts III and IV of the indictment are valid because " * * * defendant knows full well that his farm residence is located at the very premises described." The address given is a Rural Mail Route, containing undoubtedly a large number of farms and premises. So the premises described by Route #3 could encompass far more than defendant's farm residence, and in fact could possibly extend to a considerable territory in the vicinity of and surrounding defendant's residence. In any event, for whatever reason, the indictment makes no mention of any dwelling house, shed, yard or inclosure connected with the dwelling house. The argument that defendant well knows what he has been doing, if anything, and cannot be misled by the use of broad general language in an indictment may be sufficient to comprise a compliance with paragraph second above quoted from the *Russell* case, i. e. notice; but the indictment must also comply with the first requirement quoted above from the *Russell* case, i. e. that it must set forth the elements of the crime. It is not for this court to inquire as to the reasons Congress had for being so specific in drafting § (a) (6) above, nor to conclude that the detailed requirements seem useless or have no purpose, and then go on to speculate that the defendant knew and knows what he has done and so should answer in court. Clearly the court is bound by precedent and must dismiss the Counts III and IV if all of the elements of the crime are not set forth therein even though presumably the defendant knows generally what he is charged with.

■ The court in Harris v. United States, 104 F.2d 41 (8th Cir. 1939) gives the following directive with respect to the sufficiency of an indictment, at page 45:

> It is fundamental that all the necessary ingredients of the offense must be set out in the indictment, and the omission of any fact or circumstance necessary to constitute the offense will be fatal. United States v. Cruikshank et al., 92 U.S. 542, 23 L.Ed. 588. Any omission of that nature cannot be supplied "by intendment or implication, and the charge must be made directly, and not inferentially, or by way of recital." United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516.

See also 4 Barron, Federal Practice and Procedure, §§ 1913–4, pp. 59–70. The government's position appears to be, however, that any deficiency existing in the wording of the indictment may be cured by a motion by defendant for a bill of particulars. The Supreme Court pointed out in Russell, supra, p. 2 at 369 U.S. 770, 82 S.Ct. at 1050:

> * * * it is a settled rule that a bill of particulars cannot save an invalid indictment.

Since the statutory prohibition of 26 U.S.C. § 5601(a) (6)· is particularly directed at conduct upon proscribed premises, it is the opinion of this court that Counts III and IV of the indictment fail to allege an essential element of the statutory violation, i. e., possession of a still upon one of the specific *prohibited premises*, and that therefore Counts III and IV of the indictment must be dismissed.

The government cites and seems to rely on United States v. Wasik, 230 F.Supp. 280 (W.D.Pa.1964). In that case, however, the court clearly found that the elements of the offense were properly alleged and the argument was over whether something additional and not set forth in the statute should have been alleged. The other principal case in which the government claims it finds support is Wheeler v. United States, 317 F.2d 615 (8th Cir. 1963). There, in an intimidation case, the indictment did not allege that a dangerous weapon used in a robbery was loaded. In fact, the statute did not so require. This again does not appear to be analogous to this case.

A separate order has been entered dismissing Counts III and IV of the indictment.