**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Albert MILSTEIN, Defendant-Appellant.**

**No. 16406.**

United States Court of Appeals
Seventh Circuit.

Aug. 15, 1968.

Rehearing Denied Sept. 6, 1968.

Gerald B. Mullin, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, SWYGERT and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Albert Milstein, defendant, appeals from a judgment of the district court entered June 27, 1967, on a verdict of a jury finding him guilty as charged in a criminal information filed June 6, 1967. It was adjudged that defendant be committed to imprisonment for a period of six months and pay a fine of $1,000.

The information charged that on or about April 22, 1965, at Chicago, Illinois

"* * * defendant herein, being a person who sold and offered for sale, distilled spirits, did possess eleven (11) liquor bottles, to-wit:

Label No. 505526—1 Quart, full, Seagrams 7 Crown Whiskey, 85.6 proof.

Label No. 505527—1 Quart, full, Seagrams 7 Crown Whiskey, 85.6 proof.

Label No. 505528—1 Quart, full, Seagrams 7 Crown Whiskey, 85.6 proof.

Label No. 505530—1 Quart, ⅞ full, Seagrams V. O. Whiskey, 86.3 proof.

Label No. 505531—1 Quart, full, Seagrams V. O. Whiskey, 86.2 proof.

Label No. 505532—1 Quart, full, Seagrams V. O. Whiskey, 86.8 proof.

Label No. 505533—1 Quart, full, Canadian Club Whiskey, 86.1 proof.

Label No. 505534—1 Quart, full, Canadian Club Whiskey, 86.2 proof.

Label No. 505535—1 Quart, full, Canadian Club Whiskey, 86.3 proof.

Label No. 505537—1 Quart, full, Jim Beam Straight Bourbon, 85.3 proof.

Label No. 505541—1 Quart, full, Christian Brothers Brandy, 80.0 proof.

into which had been placed distilled spirits other than those originally contained in said bottles at the time of stamping, as required by law; in violation of Title 26 United States Code, Section 5301(c) (2).

■ 1. As we construe the language of the act, the violation relied on by the government is defendant's alleged *possession* of liquor bottles in which had been placed distilled spirits other than those therein at the time of stamping in the manner prohibited in sub-paragraph (1).[1] Stated another way, it does not matter who refilled the bottles. The prosecution need only show that they were refilled and then found in defendant's possession.

Thus, in United States v. Wasik, 230 F.Supp. 280 (W.D.Pa., 1964), the court said, at 281:

" * * * It is within the contemplation of the statute that the acts which make defendant's possession illegal could have been performed by someone else. The offense with which they are charged is possessing the bottles after they were refilled or the contents altered. * * *"

We agree with government counsel that the elements of defendant's offense, as enumerated by § 5301(c) (2), are that defendant was a retail liquor dealer and that he possessed liquor bottles refilled with distilled spirits that were not in those bottles when originally filled and stamped, with no proof required from the government as to who might have refilled the bottles. We hold that the government met its burden of proof on that issue at the trial.

■ 2. In this court defendant makes the contention that we should entertain his objections to the district court's instructions to the jury, despite the fact that he admits no objection was made thereto in the district court. The law is well-settled that defendant's failure to comply with rule 30 of the Federal Rules of Criminal Procedure constituted a waiver of his right to assert as error the giving of instructions involving the meaning of § 5301(c) (2), 26 U.S.C. United States v. Echeles, 7 Cir., 222 F.2d 144, 160 (1955), cert. denied 350 U.S. 828, 76 S.Ct. 58, 100 L.Ed. 739.

■ While defendant would have us recognize as plain error his attack upon the court's instructions, although he made no such attack in the district court and thus afforded that court no opportunity to consider the merits of the attack, he would now have us entertain his criticism under rule 52(b) of the

1. 26 U.S.C. § 5301(c) (1), (2):
    No person who sells, or offers for sale, distilled spirits, or agent or employee of such person, shall—
        (1) place in any liquor bottle any distilled spirits whatsoever other than those contained in such bottle at the time of stamping under the provisions of this chapter; or
        (2) possess any liquor bottle in which any distilled spirits have been placed in violation of the provisions of paragraph (1); or * * *

Federal Rules of Criminal Procedure.[2] He relies on United States v. Raub, 7 Cir., 177 F.2d 312, 316 (1949) and United States v. Levy, 3 Cir., 153 F.2d 995, 998 (1946) in this court. We consider neither of those cases applicable here. In *Raub,* the court noted that the instructions "amounted to the direction of the verdict, on the issue of falsity and fraudulence. But this was not conceded by defendant * * *." Such is not the case here. In *Levy,* it was noted that the district court had failed to describe the offenses or to even mention the pertinent provisions of the statute allegedly violated. Such is not the case here.

3. Defendant cites the facts that the indictment charging him with the offense herein involved was returned on September 29, 1966, and that a criminal information was substituted for the indictment on June 6, 1967, culminating in the judgment from which this appeal was taken. He contends that "the pre-arrest delay of seventeen months constituted a denial of due process of law as guaranteed by the Fifth Amendment." He contends that such delay in excess of seventeen months necessarily eroded his chances of reconstructing the events of that day on which the agents confiscated the liquor bottles, and virtually eliminated the possibility of finding a witness who might do so. He cites from the District of Columbia Circuit, Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), and Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966). However, we commented on these cases in United States v. Deloney, 7 Cir., 389 F.2d 324 (1968), where, at 325, we said, in part:

"It is apparent the judges of the Court of Appeals for the District of Columbia Circuit have held a variety of views on the subject. In the eleven decisions cited, there were four concurring opinions and three dissenting opinions, some of which have been vigorously expressed. We think we can distill from these decisions the rule that before that Court will dismiss an indictment because of pre-indictment delay, an accused must show he has been prejudiced by the delay. * * *"

Furthermore in both *Ross* and *Woody,* the defendant-appellant had been convicted upon the uncorroborated testimony of the same police officer, who was comparatively new and untrained, and who was unable to recall the pertinent events without making reference to his notes. Also, in *Woody,* a prospective defense witness had died, and another such witness had been charged with a narcotics violation, after he had talked to defendant Woody's attorney, but before the trial.

The theory of defense counsel that their client was deprived of a defense by inability to explain how the bottles may have been refilled, is contradicted by the simple fact that defendant did testify from his own memory as to what he said were the actual events which occurred on the crucial date of April 22, 1965, viz., he was not on the premises about 9 P.M. but he was there about 4 o'clock in the morning, at which time he did not handle or refill any liquor bottles; that he operated the Stop and Go Inn tavern and bought stock therefor; that the stock was kept in a small room off to the side and that only he and one employee had a key to that stockroom; that he picked up the receipts daily at 4 A.M., and tended bar there regularly; that the night before the confiscation he tended bar from 9 P.M. to 4 A.M., serving certain brands of whiskey, and that he had only two regular employees in addition to himself.

We consider it significant that this testimony from defendant indicates that he was able to recall the events and circumstances of the day of the alleged offense, despite the argument now made by his counsel that "a delay here in excess of seventeen months before indict-

---

**2.** (b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

ment necessarily eroded his chances of reconstructing the events of that day on which the agents confiscated the liquor bottles, and virtually eliminated the possibility of finding a witness who might do so." Moreover, at the trial the jury had an opportunity to listen to defendant's testimony and to observe his demeanor while testifying. The jurors were judges of the weight to be given to the testimony of defendant and were entitled to draw a reasonable inference that defendant learned of the confiscation of the bottles by the agents shortly after it occurred and was not misled in any manner so as to interfere with his defense of the charge upon which he was tried.

For all of these reasons the judgment from which this appeal was taken is affirmed.

Judgment affirmed.