**UNITED STATES of America,**
**Appellee,**

**v.**

**Bart R. FRICANO and Rosario**
**Casale, Appellants.**

**Nos. 122, 123, Dockets 33353, 33357.**

United States Court of Appeals
Second Circuit.

Argued Sept. 19, 1969.

Decided Sept. 19, 1969.

Herbert Kramer, Asst. U. S. Atty. (Vincent T. McCarthy, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Benjamin Tannenbaum, New York City, for appellant Bart Richard Fricano.

Gustave H. Newman, Brooklyn, N. Y. (Evseroff, Newman & Sonenshine, Brooklyn, N. Y., on the brief), for appellant Rosario Casale.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

PER CURIAM:

We affirm in open court the conviction of Bart Fricano and Rosario Casale for possession of distilled spirits in unstamped containers in violation of 26 U. S.C. § 5205(a) (2) (1964) and conspiracy to possess the same.

The only substantial question raised on this appeal is whether in light of recent Supreme Court decisions [1] holding various tax statutes to violate the right to be free from self-incrimination, the statute upon which these convictions are based is unconstitutional.

As part of the comprehensive scheme for taxation of the manufacture of distilled spirits, 26 U.S.C. § 5205(a) (2) provides that it shall be illegal to possess distilled spirits unless the immediate container is properly stamped as evidence of payment of the applicable excise taxes. Defendants argue that the information they would have had to furnish to procure the stamps on the admittedly stolen and untaxed alcohol would incriminate them under both federal and state laws.[2] They reason from this that section 5205(a) (2) is unconstitutional.

This contention is without merit; although apparently a matter of first impressions in this circuit, it has been fully canvassed in several decisions in the Fourth and Fifth Circuits and we fully agree with these courts in uniformly rejecting the argument. See, e. g., United States v. Walden, 411 F.2d 1109 (4th Cir. 1969); Wilson v. United States, 409 F.2d 604 (5th Cir. 1969); Hall v. United States, 407 F.2d 1320 (5th Cir. 1969).

■ First, section 5205(a) (2) does not require the "possessor" of distilled spirits in unstamped containers to purchase the tax stamps or to keep possibly incriminating records; rather, sections 5005(b) (1) and 5555 put these duties on the "proprietor * * * [of the] distilling apparatus." Not being under any obligation to report, defendants here cannot avail themselves of the Fifth Amendment privilege. See Shoffeitt v. United States, 403 F.2d 991 (5th Cir. 1968),

cert. denied, 393 U.S. 1084, 89 S.Ct. 868, 21 L.Ed.2d 777 (1969).

■ More specifically, the Supreme Court decisions relied on by defendants in no way undermine the principles that criminal penalties may be imposed incident to valid regulatory statutes and that records can be required to be kept when reasonably necessary to the administration of such a statute. See Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). The cases relied on by defendant point towards allowing a Fifth Amendment privilege to be raised when the tax statute in question has as its purpose not raising revenue but rather identifying those engaged in activities generally illegal under state law. These cases involve statutes which

"are directed at a small number of people who are inherently suspect of illegal activities, where the activities required to be reported on are almost certain to be illegal because the general area of activity is permeated with criminal statutes." United States v. Walden, 411 F.2d 1109 (4th Cir. 1969).

The statutory scheme for taxation of distilled spirits, set out at 26 U.S.C. §§ 5001–5692 (1964), on the other hand, is clearly a genuine revenue raising program. It is not directed at "a select few," but to thousands of legitimate producers, distributors, and retailers. See Leary v. United States, 395 U.S. 6, 18, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). That incidentally there are required records and criminal penalties to assure compliance with the act does not change its basic character. The Supreme Court has repeatedly made clear that information may be collected and penalties attached to "regulatory programs of gen-

---

1. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

2. Defendants point to 26 U.S.C. § 5601(a) (12) (1964), which makes illegal removing any untaxed spirits from the place of manufacture and sections 130 and 150 of the New York Alcoholic Beverage Control Law, McKinney's Consol. Laws, c. 3–B, which makes possession of untaxed spirits illegal.

eral application," Haynes v. United States, 390 U.S. 85, 98, 88 S.Ct. 722, 19 L.Ed.2d 923 (1969); such a program is presented here.