UNITED STATES of America, Plaintiff-Appellee,

v.

**Deodies CURRY and Shirley Pierce Curry, Defendants-Appellants.**

No. 24877.

United States Court of Appeals, Ninth Circuit.

June 19, 1970.

Rehearing Denied July 17, 1970.

Joseph L. McAdams, Moses Lake, Wash., for defendants-appellants.

Dean C. Smith, U. S. Atty., Carroll D. Gray, Asst. U. S. Atty., Spokane, Wash., for plaintiff-appellee.

Before JERTBERG, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Appellants, husband and wife, following trial to a jury, were convicted of violations of Federal statutes dealing with carrying on the business of a retail dealer in liquors and beer.

The indictment is in two counts. Count I charged that at various times during the calendar year 1968, the appellants carried on the business of a retail dealer in liquor and beer and did wilfully fail to pay the special tax required by 26 U.S.C. § 5121(a),[1] and 26 U.S.C. § 5121(b),[2] in violation of 26 U.S.C. § 5691.[3]

Count II of the indictment charged that at various times during the calendar year 1959, the appellants carried on the business of a retail dealer in liquor and beer, and did wilfully fail to pay the special tax required as set forth in Count I.

Following their conviction, appellant husband was committed to the custody of the Attorney General for imprisonment for a period of one year on each count, the sentences to be served concurrently. Appellant wife was committed to the custody of the Attorney General for imprisonment for a period of thirty days on Count I. The sentence on Count II was suspended, and she was placed on probation for a period of two years.

On this appeal, appellants first contend that there was a complete failure of the Government to prove a wilful failure on the part of the appellants to pay the required special taxes. Appellants claim that "there is not one scintilla of evidence to show" that appellants were aware of the special taxes required to be paid by §§ 5121(a) and 5121(b).

We find no merit in this contention. We have examined the transcript of testimony in this case and are satisfied that the clandestine and covert manner in which the appellants engaged in the business of a retail dealer in liquors and beer furnishes ample foundation for the implied findings by the jury that appellants engaged in such business wilfully. The district court instructed the jury that the wilfulness was an essential element of the offenses charged. Instructions on wilfulness were given. No objection was made by appellants to such instructions. We find no plain error.

Appellants' only other contention on this appeal is that the statutes in question are unconstitutional as abridgment of the Fifth Amendment privileges of appellants against self-incrimination. Appellants rely wholly on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697,

---

1. Section 5121(a) in relevant parts provides that every retail dealer in liquors shall pay a federal tax in a specified amount per year.

2. § 5121(b) in relevant parts provides that every retail dealer in beer shall pay a federal tax in a specified amount per year.

3. § 5691 in relevant part provides that any person who shall carry on the business of a retail dealer in liquors and a retail dealer in beer and wilfully fail to pay the special tax shall be fined not more than $5,000, or imprisoned not more than 2 years, or both, for each such offense.

19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). Appellants cite no authorities which apply the rationale of those cases to the statutes involved in the instant case. We have found none. Other Circuit Courts have refused to apply such rationale to the following statutes:

1. 26 U.S.C. § 5601(a) which makes it illegal to engage in the business of distiller or rectifier: (2) without filing application; (4) without giving bond; and (7) in premises other than those lawfully designated. United States v. Hunt, 419 F.2d 1 (3d Cir. 1969), Hunt v. United States, cert. denied, 397 U.S. 1016, 90 S.Ct. 1250, 25 L.Ed.2d 430 (1970).

2. 26 U.S.C. § 5205(a) (2) which provides it shall be illegal to possess distilled spirits unless the immediate container is properly stamped as evidence of payment of the applicable excise taxes. United States v. Fricano, 416 F.2d 434 (2d Cir. 1969); Grant v. United States, 407 F.2d 56 (5th Cir. 1969).

3. 26 U.S.C. § 5603 and § 5601(a) (4), which provide it shall be illegal to carry on the business of distillers without having given bond; and 26 U.S.C. § 5222 and § 5601(a) (7) which make illegal the making and fermenting of mash on premises other than those lawfully designated. United States v. Walden, 411 F.2d 1109 (4th Cir. 1969).

4. 26 U.S.C. § 5601(a) (1) which makes it illegal to possess an unregistered distillery. Wilson v. United States, 409 F.2d 604 (5th Cir.), cert. denied, 395 U.S. 923, 89 S.Ct. 1772, 23 L.Ed.2d 240, reh. denied, 396 U.S. 869, 90 S.Ct. 38, 24 L.Ed.2d 125 (1969).

5. 26 U.S.C. § 5604(a) (1), which makes it illegal to possess non-tax paid liquor. Hall v. United States, 407 F.2d 1320 (5th Cir. 1969); Grant v. United States, *supra*.

We agree with the views expressed in the above cited cases, and for like reasons we hold that such rationale does not apply to the statutes involved in this case.

The judgments appealed from are affirmed