**UNITED STATES of America, Plaintiff,**

v.

**E. A. GOODYEAR, INC., et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**B. H. TUCKER & ASSOCIATES and B. H. Tucker, Defendants.**

**Nos. 71 Civ. 2855, 71 Civ. 2856.**

United States District Court, S. D. New York.

Aug. 19, 1971.

Whitney, North Seymour, Jr., U. S. Atty. S. D. N. Y., New York City, for plaintiff; Joel B. Harris, Asst. U. S. Atty., of counsel.

Iannuzzi & Iannuzzi, New York City, for defendants; John Nicholas Iannuzzi, New York City, of counsel.

OPINION

COOPER, District Judge.

On August 11, 1971 we granted a preliminary injunction (with direction to settle order on three (3) days notice) restraining and enjoining defendants from selling, transferring for profit, advertising, offering for sale and shipping cigarettes in interstate commerce in violation of the Jenkins Act, 15 U.S.C. § 375 et seq. At that time we expressed our

intention to file an opinion at a later date. This opinion incorporates our findings of fact and conclusions of law contained in the August 11, 1971 disposition.

The only issue requiring additional exposition is whether a valid Fifth Amendment claim (quite apart from standing to assert it) exists. We find none.

While defendants rely upon several recent Supreme Court decisions,[1] the statutory framework and regulated commodity at issue here presents a substantially different situation, and we find the analogy urged unconvincing as to the claim of self-incrimination.

Our Circuit's analysis in United States v. Fricano, 416 F.2d 434, 435, 436 (2d Cir. 1969) [per curiam] and cases cited therein is applicable and controlling.

 The three (3) principal elements of the "required records" doctrine, Shapiro v. United States, 335 U.S. 1, 33, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948), and *Marchetti*, supra, 390 U.S. at pp. 55–57, 88 S.Ct. 697 are met here:

(1) The obligation to keep and preserve "records 'of the same kind as he [the filing shipper under the Jones Act] has customarily kept'." This requirement applies equally to the submission of Jenkins Act reports and to the maintainence of records. 390 U.S. 39, 56 n. 14, 88 S.Ct. 697, 707. Defendants do not deny they have customarily maintained at least information sufficient to meet the minimal information requirements of 15 U.S.C. §§ 376(a) (1) and (a) (2).

(2) The records or information must be kept or furnished "in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation" — so as to create a "public aspect."

The requirement of furnishing information to state tobacco tax administrators is a reasonable one. At present, every state taxes the sale and/or use of cigarettes, but the amount of tax differs from state to state. There are those in high tax states who seek to avoid the burden of such taxes by importing cigarettes which are shipped through the mail to them by defendants. Indeed, it would seem impossible to collect taxes on interstate sales of cigarettes through the mails were it not for the Jenkins Act or other reporting requirements. Harris affidavit, June 25, 1971, ¶¶ 4–7. The reporting provisions are for the "public" regulatory purpose of providing the states with tax revenues for uses including "veterans" bonuses, public assistance, education, aid to the blind, and the improvement of penal and charitable institutions." 2 U.S. Code Cong. Service, pp. 2158, 2159 (1949).

(3) The records or information must be for the enforcement of restrictions validly established. Here, the reporting requirements are for "an essentially non-criminal and regulatory area of inquiry" and not the types of conduct identifying a "selective group inherently suspect of criminal activities." The Jenkins Act is not directed to contraband items, illegal activities or statutory schemes such as those in the cases relied upon by defendants dealing with marihuana, gambling, certain firearms. See Albertson v. SACB, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965). The focus of the Jenkins Act is the proper regulation of tobacco taxes. By comparison to the instances inherently illegal which defendants urge as applicable, the sale, purchase, use or possession of what are commonly called tobacco cigarettes, cf. 15 U.S.C. § 375(2), is generally lawful in all states, although such activity may be subject to restrictions such as sale to minors and taxation; it is a source of considerable tax revenue. In promulgat-

1. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) ; Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) ; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

ing the Jenkins Act, Congress made clear the essentially regulatory and non-penal purposes of the statute. 2 U.S. Code Cong. Service, pp. 2158, 2159–60 (1949); see also 2 U.S. Code Cong. & Admin. News, pp. 2883–84 (1955).

Accordingly, we find no violation of the Fifth Amendment protection against self-incrimination from compliance with the Jenkins Act.[2]

---

2. We note that the "required records" doctrine normally involves federal as opposed to state administrators receiving information pursuant to federal statute. *Shapiro,* supra; *Marchetti,* supra at 56, n. 14, of 390 U.S., 88 S.Ct. 697. On the facts of this case we do not see that the mere employment of the administrator or use of information by a state (subject of course to the cases relied upon by defendants)

either prevents consideration of the "required records" doctrine at all or mandates the result thereunder that the information is private and not a "required record." However, we can envision numerous situations where a federal requirement compelling reports to states could be illegitimate. We do not extend the application of the federal—state reporting scheme at issue here beyond the facts of this case.