**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**GOLDFELL ENTERPRISES, INC., d/b/a
606 Club, Defendant-Appellant.
No. 17845.**

United States Court of Appeals,
Seventh Circuit.

Oct. 18, 1971.

Edward J. Calihan, Jr., Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Chicago, Ill., Martin R. Nathan, Atty., Regional Counsel I. R. S., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Robert J. Breakstone, Asst. U. S. Attys., of counsel; assisted by Arnold Kanter, Legal Intern.

Before KILEY and KERNER, Circuit Judges, and REYNOLDS, District Judge.*

REYNOLDS, District Judge.

This is an appeal from a misdemeanor conviction for a violation of Subtitle E, Chapter 51, of the Internal Revenue Code—Alcohol, Tobacco, and Certain Other Excise Taxes (Title 26 U.S.C. § 5117). Specifically, the defendant below and appellant here, Goldfell Enterprises, Inc., a retail liquor dealer, was charged

* The Honorable John W. Reynolds, Judge, U. S. District Court for the Eastern District of Wisconsin, is sitting by designation.

with having made three purchases of liquor from another retail liquor dealer for purposes of resale, all in violation of Title 26 U.S.C. § 5117 which provides:

"(a) General.—It shall be unlawful for any dealer to purchase distilled spirits for resale from any person other than—

"(1) a wholesale dealer in liquors who has paid the special tax as such dealer to cover the place where such purchase is made; or

"(2) a wholesale dealer in liquors who is exempt, at the place where such purchase is made, from payment of such tax under any provision of this chapter; or

"(3) a person who is not required to pay special tax as a wholesale dealer in liquors."

After hearing evidence, a jury rendered a guilty verdict, and the defendant-appellant, after motions, was adjudged guilty by the district court judge and fined $500 for each violation for a total fine of $1,500 in accordance with Title 26 U.S.C. § 5687. Appellant argues five principal contentions: (1) that § 5117 does not prohibit the liquor purchases at issue; (2) that § 5117 is vague and uncertain; (3) that § 5117 requires a specific intent to violate the law; (4) that the jury was improperly instructed; and (5) that the evidence is insufficient to sustain the conviction. For the reasons set out below, we conclude that the contentions of appellant are without merit and that the conviction should stand.

The undisputed evidence brought out at trial is as follows: Goldfell Enterprises, Inc., is a corporation engaged in the retail liquor business and operates a tavern named the 606 Club. During the years 1966 and 1967, it purchased almost all its liquors from wholesale dealers. However, on three occasions an employee of the 606 Club was sent out to purchase liquor from a retail liquor store. On each of these three occasions (September 19, 1966—April 6, 1967—September 13, 1967) less than three gallons of liquor was purchased, and the total purchase price was $218.15. The employee who purchased the liquor was reimbursed out of the till when he brought the liquor back to the tavern.

Appellant contends that a fair reading of § 5117 does not forbid the purchase of liquor by one retail dealer from another in that that statute permits a dealer to purchase liquor from "(3) a person who is not required to pay special tax as a wholesale dealer in liquors." Taken as an isolated sentence, such a reading might indeed seem plausible, but read in the context of Subparts D and E (Wholesale and Retail Dealers) of Part II (Occupation Tax) of Subchapter A (Gallonage and Occupational Taxes) of Chapter 51 (Distilled Spirits, Wines and Beer) of Subtitle E (Alcohol, Tobacco and Certain Other Excise Taxes) of the Internal Revenue Code, it is clear that the opposite is true. As the structure of the code described in the prior sentence indicates, § 5117 is an integral part of a large interrelated body of law and is not simply a casual addition to the United States Code. The principal purpose of Subparts D (Title 26, U.S.C. §§ 5111–5117) and E (Title 26 U.S.C. §§ 5121–5125) is to exact an occupation tax from those who engage in the sale of liquor. United States v. Reeves, 425 F.2d 1063 (10th Cir. 1970). However, rather than tax all who may deal in liquor equally without differentiating between those "in the business" and those who make an "out of the ordinary" or "isolated" sale or without differentiating between the different types of liquor businesses, Congress decided to distinguish by exempting some from any taxation and by taxing others at a lower rate. Title 26 U.S.C. §§ 5111, 5113, 5121, and 5123.

Under Subparts D and E of Chapter 51, "any person who sells, or offers for sale, any distilled spirits, wines, or beer" is considered a dealer. Title 26 U.S.C. § 5112(a). A dealer "who sells, or offers for sale, distilled spirits, wines, or beer, to another dealer" is considered a wholesale dealer, Title 26 U.S.C. § 5112(b),

and unless exempt by statute must pay a wholesale dealer tax. Title 26 U.S.C. § 5111. A dealer "who sells, or offers for sale, any distilled spirits, wines, or beer, to any person other than a dealer" is considered a retail dealer, Title 26 U.S. C. § 5122(a), and unless exempt by statute must pay a retail dealer tax. Title 26 U.S.C. § 5121. The wholesale dealer taxes are roughly five times greater than the retail dealer taxes.

In order to insure the integrity of this functional division among dealers and the integrity of its specific exemptions for tax collection purposes, Congress also enacted a number of regulatory measures. Thus both retail and wholesale dealers must keep records of their transactions, and retail dealers must specifically record from whom they purchase their alcoholic stock. Title 26 U.S.C. §§ 5124 and 5114. Similarly, wholesale dealers not exempt from taxation must post a sign on their premises to the effect that they are such dealers. Title 26 U.S.C. § 5115. Finally, the statute at issue in this case affirmatively limits the persons from whom dealers may purchase their liquor stock intended for resale. Title 26 U.S.C. § 5117.

Under § 5117 a dealer may only purchase from:

"(1) a wholesale dealer in liquors who has *paid the special tax* as such dealer *to cover the place where such purchase is made*; or

"(2) a wholesale dealer in liquors who is exempt, *at the place where such purchase is made*, from payment of such tax under any provision of this chapter [see *e. g.*, Title 26 U.S.C. §§ 5113(a) "No proprietor of a distilled spirits plant * * * shall be required to pay special tax * * * *on account of the sale at his principal business office * * *" and (d) (1) "No wholesale dealer * * * who has paid the special tax as such dealer shall again be required to pay special tax as such dealer on account of sales * * * consummated at the purchaser's place of business.*"] ; or

"(3) a person who is *not required* to pay special tax *as a wholesale dealer in liquors*. [See *e. g.*, Title 26 U. S.C. §§ 5113(b) "No liquor store * * * operated by a State * * * shall be required to pay any special tax * * * *" and (e) "No retail dealer * * * selling in liquidation * * * shall be deemed to be a wholesale dealer * * *."]" (Emphasis added.)

Under Title 26 U.S.C. § 5112(b), a retail dealer who in the course of his business sold liquor to a dealer, such as appellant, would also be considered a wholesale dealer ["* * * the term 'wholesale dealer in liquors' means *any* dealer * * * who sells * * * to another dealer." (Emphasis added.)] Title 26 U.S.C. § 5112(b). As a sale to another dealer, such as is presented in the facts of the case before us, is not exempt from the wholesale dealer's tax by any provision in the United States Code, such a retail dealer would be *required* by Title 26 U.S.C. § 5111 to pay the special wholesale dealer tax. Accordingly, under Title 26 U.S.C. § 5117, such a retail dealer could *not* be considered "a person who is *not* required to pay special tax * * *" (emphasis added), and therefore it was clearly a violation of § 5117 for appellant, a dealer, to purchase liquor for resale from retail dealers who had not paid the special wholesale tax.

While, like most revenue statutes, § 5117 is complex and must be read in light of other statutory definitions and provisions, complexity cannot be equated with "vagueness" or "uncertainty." While § 5117 may be somewhat difficult to decipher, the guides to its proper meaning are clearly set out and leave no room for uncertainty. Once deciphered, the statutory prohibition is most precise.

■ Appellant next contends that to be guilty of a violation of § 5117, the violator must have an intent to evade or break the law. Section 5117, by its language, is silent as to such requirement, and its impact, a misdemeanor and/or forfeiture, is limited only to those who

have chosen to engage in what has been traditionally a business subject to extensive federal, state, and local regulations and taxation. Other courts have found with regard to other federal regulations designed to protect liquor revenue that an intent to violate the law is not a requirement—Michaels Enterprises, Inc. v. United States, 321 F.2d 913 (8th Cir. 1963); Hamilton v. United States, 409 F.2d 928 (5th Cir. 1969); United States v. Wasik, 230 F.Supp. 280 (W.D.Pa. 1964)—and one court has specifically suggested that no such requirement is inherent in § 5117. United States v. Mirror Lake Golf and Country Club, Inc., 232 F.Supp. 167 (W.D.Mo.1964). Recently the United States Supreme Court stated with regard to a statute which made it a crime to "knowingly violate" that:

"The principle that ignorance of the law is no defense applies whether the law be a statute or a duly promulgated and published regulation. In the context of these proposed 1960 amendments we decline to attribute to Congress the inaccurate view that that Act requires proof of knowledge of the law, as well as the facts, and that it intended to endorse that interpretation by retaining the word 'knowingly.' We conclude that the meager legislative history of the 1960 amendments makes unwarranted the conclusion that Congress abandoned the general rule and required knowledge of both the facts and the pertinent law before a criminal conviction could be sustained under this Act." United States v. International Minerals & Chemical Corp., 402 U.S. 558, 563, 91 S.Ct. 1697, 1701, 29 L.Ed.2d 178 (1971).

The Supreme Court concluded its decision by stating that there are some areas of business where the "probability of regulation is so great that * * * [one knowledgeable of the facts] must be presumed to be aware of the regulation." *Id.* at 565, 91 S.Ct. at 1701. We conclude then that § 5117 does not require an intent to violate the law as an element of the offense.

 It is also argued that the evidence brought forth at trial was insufficient to support a conclusion that the liquor was purchased "for resale." We find that a jury might reasonably infer that when defendant sent one of its employees to a liquor store to purchase some liquor and then reimbursed the employee out of the till and recorded the purchases in its records, the defendant intended to use that liquor in its tavern operation for resale by the drink. Cf. United States v. Curry, 428 F.2d 785 (9th Cir. 1970); White v. United States, 395 F.2d 170 (8th Cir. 1968).

In light of our conclusions above, it is clear that the jury was properly instructed. Accordingly, the judgment below is affirmed.